IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20930
Summary Calendar
_____

ABDUL HAKEEM MUHAMMAD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

- - - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1982
- - - - - - - - - - - -

December 16, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Abdul Hakeem Muhammad, Texas prisoner # 550712, requests this court to grant him a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Muhammad alleged in his petition that 1) the district court erred in dismissing some of his claims as procedurally barred; 2) that the evidence was insufficient to

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his conviction for aggravated robbery; 3) he was required to participate in an identification lineup without the assistance of counsel; 4) the prosecution suppressed exculpatory evidence; 5) prosecutorial misconduct; 6) the identification procedures were unduly suggestive; 7) that the trial court deprived him of a fundamentally fair trial by denying his motion for severance; 8) that the state court did not have sufficient evidence of probable cause to detain him for trial; and 9) that he was denied the effective assistance of counsel.

A COA may be issued only if the prisoner has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). However, with respect to the applicant's challenges the district court's dismissal for a reason not of constitutional dimension — here, application of the procedural bar — the petitioner must first make a credible showing that the district court erred in its ruling on a procedural issue. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). Only if such a showing of error is made will the court also consider whether the prisoner has made a substantial showing of the denial of a constitutional right on the underlying claims. Id.

With the exception of Muhammad's claim that the district court erred in determining that federal review of his sufficiency-of-the-evidence claim was procedurally barred, Muhammad has failed to make a substantial showing of the denial of a constitutional right with respect to his claims reviewed on the merits or that the district court erred in dismissing other claims based on the procedural bar.

Muhammad's request for COA is GRANTED on the issue that the district court erred in determining that federal review of the sufficiency of the evidence is precluded by the procedural bar. Muhammad raised the sufficiency issue on direct appeal, and the state court reviewed the merits of the claim. See Muhammad v. Texas, 814 S.W.2d 137, 138-39 (Tex. Ct. App. 1991). Therefore, Muhammad made a credible showing that the district court committed a procedural error.

The district court's ruling on the sufficiency issue is VACATED and the case is REMANDED to the district court for review on the merits and a determination whether COA should be granted on this claim. See Whitehead, 157 F.3d at 388.